LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29618

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ARIC P. LARSEN, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(JR. NO. 1DAA-08-0012, Case No. 08-05040)

2010 JAN 28 AM 8:14 FILED

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Fujise, JJ.)

Petitioner-Appellant Aric P. Larsen (Larsen) appeals from the Judgment on Appeal (Judgment) entered on January 5, 2009, by the District Court of the First Circuit (district court).[1] The district court affirmed the administrative revocation of Larsen's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawai'i (Director), acting through a hearing officer of the Administrative Driver's License Revocation Office (ADLRO).

A vehicle being driven by Larsen was stopped at an intoxicant control roadblock. Larsen was subsequently arrested for driving under the influence of an intoxicant.

On appeal, Larsen argues that there was insufficient evidence that the roadblock was established and operated in compliance with statutory requirements. We agree and reverse the district court's Judgment and the Director's decision to administratively revoke Larsen's driver's license.

---

[1] The Honorable William A. Cardwell presided.

I.

This is a secondary appeal from the district court's review of the administrative revocation of a driver's license. We review the district court's decision under the right/wrong standard. <u>Brune v. Admin. Dir. of the Courts</u>, 110 Hawai'i 172, 176-177, 130 P.3d 1037, 1041-42 (2006). The district court's review of the Director's decision is limited to the issues of whether the Director:

> (1)    Exceeded constitutional or statutory authority;
>
> (2)    Erroneously interpreted the law;
>
> (3)    Acted in an arbitrary or capricious manner;
>
> (4)    Committed an abuse of discretion; or
>
> (5)    Made a determination that was unsupported by the evidence in the record.

Hawaii Revised Statutes (HRS) § 291E-40(c) (2007).

II.

Larson sought an administrative hearing pursuant to HRS § 291E-38 (2007) to review the decision to administratively revoke his driver's license. HRS § 291E-38(e) provides, among other things, that:

> (e) The [D]irector shall affirm the administrative revocation only if the [D]irector determines that:
>
> (1)    There existed reasonable suspicion to stop the vehicle, <u>the vehicle was stopped at an intoxicant control roadblock established and operated in compliance with sections 291E-19 and 291E-20</u>, or the person was tested pursuant to section 291E-21 . . . .

(Emphasis added.)

HRS § 291E-20 (2007), entitled "Minimum standards for roadblock procedures," provides, in relevant part:

> (a)    Every intoxicant control roadblock program shall:
>
> (1)    Require that all vehicles approaching roadblocks be stopped or that certain vehicles be stopped by selecting vehicles in a specified numerical sequence or pattern;
>
> (2)    Require that roadblocks be located at fixed locations for a maximum three-hour period;

2

(3)     Provide for the following minimum safety precautions at every roadblock:

    (A)     Proper illumination;

    (B)     Off-road or otherwise safe and secure holding areas for vehicles involved in any roadblock stop;

    (C)     Uniformed law enforcement officers carrying proper identification;

    (D)     Adequate advance warning of the fact and purpose of the roadblocks, either by sign posts, flares, or other alternative methods;

    (E)     Termination of roadblocks at the discretion of the law enforcement officer in charge where traffic congestion would otherwise result; and

(4)     Provide for a sufficient quantity and visibility of uniformed officers and official vehicles to ensure speedy compliance with the purpose of the roadblocks and to move traffic with a minimum of inconvenience.

## III.

The hearing officer struck the Honolulu Police Department's "Intoxication Control Roadblock Establishment and Operation" form (roadblock operations form), which addressed the roadblock requirements set forth in HRS § 291E-20, apparently on the ground that it was unsworn.[2] The hearing officer concluded that despite the exclusion of the roadblock operations form, there was sufficient evidence remaining in the record to demonstrate that the roadblock complied with the statutory requirements. In particular, the hearing officer indicated that Sergeant Aaron Bernal's statement that the roadblock was established "via Departmental and H.R.S. standards" provided sufficient evidence to support the determination that the roadblock had been established and operated in compliance with statutory requirements.

---

[2] We are not called upon to address whether the hearing officer was right or wrong in striking the roadblock operations form, but only to determine whether the admitted evidence was sufficient.

3

The hearing officer, on behalf of the Director, administratively revoked Larsen's driver's license. The district court affirmed the Director's decision, holding that there was sufficient evidence to support the hearing officer's conclusions.

IV.

The Director contends that Sergeant Bernal's statement that the roadblock was established "via Departmental and H.R.S. standards" constituted sufficient evidence to support the hearing officer's determination that the roadblock was "established and operated in compliance with [HRS] section[] . . . 291E-20[.]" HRS § 291E-38(e)(1). We disagree.

Sergeant Bernal's statement did not address each of the requirements for a valid roadblock set forth in HRS § 291E-20. We hold that Sergeant Bernal's conclusory statement that the roadblock was established via Departmental and HRS standards did not provide sufficient evidence to support a determination by the hearing officer that the roadblock complied with the requirements of HRS § 291E-20.

Park v. Tanaka, 75 Haw. 271, 859 P.2d 917 (1993), which is cited by the Director, is distinguishable. Park did not involve the question of whether there was sufficient evidence to support a determination by the Director. Instead, Park addressed the issue of whether the contents of the sworn statement that must be submitted by the person responsible for maintenance of the testing equipment was sufficient to meet statutory requirements. Id. at 275-79, 859 P.2d at 920-21. In addition, the sworn statement of the intoxilyzer supervisor, which the court found was sufficient in Park, addressed each of the statutory requirements. Id. Here, as previously noted, Sergeant Bernal's statement did not address each of the requirements for a valid roadblock set forth in HRS § 291E-20.

V.

Based on our review of the admitted evidence in the record, we conclude that there was insufficient evidence to support the hearing officer's determination that the roadblock

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

complied with the requirements of HRS § 291E-20. We therefore reverse (1) the district court's Judgment on Appeal entered on January 5, 2009, and (2) the Director's decision to administratively revoke Larsen's driver's license issued on October 29, 2008.

DATED: Honolulu, Hawai'i, January 28, 2010.

On the briefs:

Timothy I. MacMaster
for Petitioner-Appellant

Dorothy Sellers
Solicitor General
Rebecca A. Copeland
Deputy Solicitor General
Department of the Attorney General
for Resopndent-Appellee

Chief Judge

Associate Judge

Associate Judge

5